## Case No. 481.

### The ANTELOPE.

[1 Ben. 521.][1]

District Court, E. D. New York. Oct., 1867.

ADMIRALTY PRACTICE—BONDING A VESSEL WORTH
LESS THAN SEVERAL CLAIMS AGAINST HER —
MARRIED WOMEN REJECTED AS SURETIES.

1. Where several libels were filed against a
vessel to recover claims, which amounted to
more than the appraised value of the vessel,
*Held*, that she might be discharged on the
claimants giving a stipulation, in the full value
of the vessel, the same to stand in court, for
the benefit of all the libellants before the
court.

2. That a married woman, though she justi-
fied in the required amount, would not be ac-
cepted as surety.

In admiralty. The ship Antelope was held
under process in two cases, and both cases
came before the court upon a motion made
on behalf of the claimants, for the release
of the vessel upon bail. It appeared that,
on the 31st day of August, 1867, one George
W. Curtis filed his libel against the vessel
to enforce a lien, amounting to $827.22, for
supplies furnished the vessel in this port
between the 19th day of June and the 30th
of August last. The vessel was, at that
time, in the custody of the sheriff, under
process issuing out of a state court, and the
execution of the process of this court was,
accordingly, delayed until the custody of the
sheriff terminated by a sale and delivery to
the persons now before the court as claim-
ants, when the vessel was duly seized by the
marshal, under the process issued in the ac-
tion of Curtis, and also under process is-
sued in a subsequent action instituted
against the same vessel by the libellant,
Franklin F. Randolph, to recover the sum
of $23,000, claimed to be due by reason of
a breach of a charter party, which occurred
in this port at about the same time. The
total value of the vessel, as ascertained by
an appraisement, to which no objection was
taken, was $18,000, a sum insufficient to dis-
charge in full the claims made against her in
the two actions above mentioned. The claim-
ants, having perfected their appearance, now
moved for the release of the vessel, upon
the filing of a stipulation in the full value
of the vessel, the same to stand in court
in place of the vessel for the benefit of all
the libellants before the court, and condi-
tioned to abide by and perform the decrees
of the court in such actions, and pay the
sums awarded therein, not exceeding in all
the appraised value of the vessel.

Beebe, Dean & Donohue, for Curtis.

Scudder & Carter, for Randolph.
Emerson & Goodrich, for claimants.

BENEDICT, District Judge. Inasmuch as
the value of this vessel is conceded to be
less than the amount claimed in these ac-
tions, it is manifest that the claimant will,
by stipulating to pay the decree in each case
to the extent of the value of the vessel, ren-
der himself liable to pay into court, upon his
stipulations in the two cases, more than
the value of the property which he will re-
ceive upon the release. Unless, then, some
form of stipulation can be taken which will
render the claimant liable for no more
than the value of the property which he re-
ceives from the marshal, the vessel must
remain in custody. According to the view
taken by the libellants, the necessary effect
of admiralty proceedings against a ves-
sel, under circumstances like the present, is
to compel the shipowner either to permit
his vessel to be taken from him and sold
before any liability on her part has been
ascertained, or to allow her to remain tied
to the wharf in custody of the marshal
until the final termination of the litigation
in this or the appellate court, or to pay a
demand which he disputes. But the flexible
proceedings of the admiralty cannot be sup-
posed to be inadequate to such a state of
facts, and the court powerless to prevent
such an effect of its process. To relieve
a ship owner from such a dilemma, by a
stipulation in the form here proposed, is
as clearly within the general powers of a
court of admiralty as the power to release
upon a stipulation in the ordinary form. It
is a power necessary to the proper exercise
of the extraordinary jurisdiction over a ship
and her owners, which belongs to this court,
and the same reason which impels the court
to take the ordinary stipulation is applicable
in favor of the stipulation in the form pro-
posed. A court of admiralty will always re-
lease a ship, and enable her to proceed to
earn freight, when the rights of parties hav-
ing claims upon her can be properly pro-
tected by a stipulation taken in place of the
vessel. The stipulation here offered will
fully secure to the libellants all the rights
which they now have. Their proceedings
look to a sale of the vessel, in satisfaction
of the claims set forth. If the vessel were
to be sold upon final decrees, or as per-
ishable, only her value would be paid into
the registry, no matter how many claims
were outstanding against her, and the lien
of each libellant would be then transferred
to the fund in court, leaving the vessel free
from all liens. Under the stipulation pro-
posed, the same sum will be paid in, and
with this difference in favor of the libel-
lants, that, by the terms of the stipulation
offered, the amount so paid in will be appli-
cable to the payment of the claims of the
present libellants before the court; whereas,

---

[1][Reported by Robert D. Benedict, Esq.,
and here reprinted by permission.]

in case of a sale, the proceeds might be subjected to subsequent and additional claims. While the stipulation proposed will thus secure to the libellants the payment of their demands, it will cause no inconvenience in the prosecution of the suits. The proceeding is, in effect, a consolidation of the two causes for the purpose of bonding, to avoid the loss and expense which must otherwise be sustained; and the causes could properly be formally consolidated for this purpose, and might well remain consolidated, if either libellant desires to contest the validity or amount of the demand made by the other, to be dissevered whenever it shall be needful for the sake of convenience or in furtherance of justice. The Wm. Hutt, 1 Lush. 25. In all cases of many libels against a vessel, where the proceeds in court are insufficient to pay all, the causes are, in effect, consolidated: that is, no one is heard without notice to all, and the rights and priorities of all are disposed of at one and the same time, each libel being generally considered as an answer to all other libels, when the question is simply one of priority. The Magoun, [Case No. 5,163.] It is not seen why the same practice cannot as well be pursued where, instead of proceeds, there is a stipulation for the benefit of all. See The Rodney, [Id. 11,993.] As to the objection founded upon the eleventh rule of the supreme court, it seems sufficient to say that that rule is not intended to apply to a case of several libels against a vessel which is insufficient to pay all; and no rule of the supreme court applying to the case, it must be governed by "the principles, rules and usages which belong to courts of admiralty, as contradistinguished from courts of common law." The Delaware, [Case No. 3,762.] Moreover if the eleventh rule were to be deemed applicable to a case like this, the power which the rule confers upon the court to fix the amount of the stipulation, without regard to the value of the vessel, would include the power to limit the liability of the stipulation as proposed here. The motion of the claimants will, therefore, be granted, and the vessel will be released upon the claimants filing a stipulation to the effect above indicated. The form of the stipulation may be settled before the court, if necessary, and it must contain a provision for interest. In this court, all persons desiring to recover property upon stipulations are required to include in their stipulations a provision for interest on the value of the property, from the time of its receipt.

The claimants presented, as surety on the bond directed to be given as above, a married woman, who justified in the required amount. The libellants objected to taking a bond thus executed, and, on referring the matter to the judge, the surety was rejected, and the claimants were ordered to furnish other surety.